**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDERICK BROWN,<br><br>   Petitioner,<br><br>  v.<br><br>MR. HEDGPETH, Warden,<br><br>   Respondent. | Case No. CV 12-7126 JVS (JCG)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE HABEAS PETITION, SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**DISCUSSION**

On August 17, 2012, petitioner Frederick Brown ("Petitioner") filed a "Motion Request for Extension of Time" ("Motion"). In the Motion, Petitioner seeks an extension of time to file a petition for writ of habeas corpus – *before* actually filing the petition itself. (Mot. at 1-2.)

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. If the Court does not have an actual case or controversy before it, the Court lacks the power to hear the matter in question. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold

1  requirement imposed by Article III of the Constitution by alleging an actual case or
2  controversy.").
3       Here, there is no case or controversy.  Petitioner's Motion is not tied to any
4  action currently pending before this Court.  Instead, Petitioner essentially seeks an
5  improper advisory opinion regarding the timeliness of an anticipated habeas petition,
6  if and when that petition is filed at some unspecified date in the future.   Such a
7  request cannot be entertained by the Court without offending the Constitution's case
8  or controversy requirement.  *McDade v. Warden*, 2010 WL 4795377, at *1-2 (C.D.
9  Cal. Nov. 16, 2010) (holding that request for extension of time to avoid statutory
10 limitations period does not present a case or controversy); *Soto v. Warden*, 2009 WL
11 1705471, at *1-2 (C.D. Cal. June 16, 2009) (adopting recommendation that request
12 for extension of time be dismissed because federal court lacked jurisdiction to
13 consider it); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (*per curiam*)
14 (holding that federal court lacked jurisdiction to consider the timeliness of a § 2255
15 petition because no petition had yet been filed).
16      If Petitioner submits a proper habeas petition, the Court will then consider the
17 timeliness of that petition, but not before.

## II.
## CERTIFICATE OF APPEALABILITY

20      The Court finds that Petitioner has not shown that jurists of reason would find
21 it debatable whether the Court was correct in its procedural ruling.  *See Slack v.*
22 *McDaniel*, 529 U.S. 473, 484 (2000).  Thus, the Court declines to issue a certificate
23 of appealability.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that: (1) Petitioner's Motion is **DENIED**; (2) a certificate of appealability is **DENIED**; and (3) this action is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: August 22, 2012   _____
                         Hon. James V. Selna
                         United States District Judge